**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WHITNEY PHILLIPS,

    Plaintiff,

v.

                                            Case No. 3:24-cv-474-TJC-LLL

FORT FAMILY INVESTMENTS
and PROFESSIONAL DEBT
MEDIATION, INC.,

    Defendants.

## O R D E R

**THIS CASE** is before the Court on Defendant Fort Family Investments' Motion to Dismiss Complaint, Doc. 13, and Defendant Professional Debt Mediation, Inc.'s Motion to Dismiss Complaint, Doc. 22. Plaintiff, Whitney Phillips, has responded to both motions. Docs. 19 and 27.

Phillips' complaint alleges Fort Family Investments ("FFI") and Professional Debt Mediation, Inc. ("PDM") both violated the Fair Credit Reporting Act ("FCRA") by "fail[ing] to provide accurate information to credit reporting agencies," (Count I); that PDM violated the Fair Debt Collection Practices Act ("FDCPA") by engaging in "deceptive practices in attempting to collect a debt not owed by the Plaintiff," (Count III); and alleges state claims against both for intentional infliction of emotional distress, negligence,

defamation, invasion of privacy, and state consumer protections (Counts IV through VIII, respectively).[1] Doc. 1-1 ¶¶16-23.

I.  **BACKGROUND**

This crux of this dispute is that a business debt was improperly reported. Phillips alleges FFI incorrectly reported a business debt "under [her] personal credit profile," and that PDM "under the direction or oversight of FFI," also improperly reported information to her personal credit profile. Doc. 1-1 ¶¶7, 9. While not clear at this stage of litigation, information from FFI and PDM indicates the dispute arises from leases between Fusion Apartments and Phillips Financial Services, LLC, and that Phillips is an owner of Phillips Financial Services, LLC.[2] Doc. 13 at 1 n.1; Doc. 22 at 4. FFI sold the debt to PDM. Doc. 19 at 1. Phillips alleges the debt reporting was improper because it was for a business debt, and she was not personally responsible. See Doc. 1-1 ¶7.

---

[1] Phillips has two versions of her complaint. One is a form for pro se plaintiffs, and it attaches another version of the complaint, with additional detail. Compare Doc. 1 with Doc. 1-1. The Court has generally relied on information in Doc. 1-1. Count II was against Experian Information Solutions, Inc., and Experian is no longer a party. Doc. 33.

[2] FFI indicated the proper legal entity is likely Fusion Rental Community, LLC, (a related entity) but that it will defend the action to avoid unnecessary motion practice. Doc. 13 at 1 n.1. Accordingly, the Court generally references FFI to limit confusion.

## II. ANALYSIS

### A. Standard

In evaluating a motion to dismiss, the Court will assume any non-conclusory factual allegations are true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). A motion to dismiss may be granted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). The Court's consideration is generally limited to "what is within the four corners of the complaint." Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). Both PDM's motion to dismiss, Doc. 22, and Phillips' response, Doc. 27, contain alleged facts and related argument beyond the four corners of the complaint. For purposes of this Order, the Court has limited its review to matters within the complaint.[3]

### B. No Private Right of Action for Alleged Violation of Section 1681s-2(a) (Count I)

For Count I, Phillips' alleges a violation of Section 1681s-2(a) of the FCRA, requiring furnishers of information to provide accurate information, while FFI and PDM argue the cited portion of the statute does not provide a private right of action.[4] Doc. 1-1 ¶16; Doc. 13 at 4; Doc. 22 at 13-14. The

---

[3] Nor has the Court relied on arguments related to alleged actions by Experian, who is no longer a party in this lawsuit. Doc. 33.

[4] There is no dispute that FFI and PDM are furnishers of information.

3

Eleventh Circuit has noted there is no private right of action for violation of Section 1681s-2(a) based on a furnisher of information providing inaccurate information to a consumer reporting agency. See Holden v. Holiday Inn Club Vacations, Inc., 98 F.4th 1359, 1366-67 (11th Cir. 2024) (quoting Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018) ("Consumers have no private right of action against furnishers for reporting inaccurate information to [consumer reporting agencies] regarding consumer accounts.")).[5] Because allowing amendment would be futile, Count I is dismissed with prejudice against both FFI and PDM. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

### C. No Facts Support an Alleged Violation of the FDCPA by PDM (Count III)

Phillips alleges PDM violated the Fair Debt Collection Practices Act by engaging in "deceptive practices in attempting to collect a debt not owed by the

---

[5] FCRA Sections 1681n and 1681o provide civil remedies to consumers for willful and negligent violations, respectively. See 15 U.S.C. §§ 1681n, 1681o. These remedies, however, do not apply to Section 1681s-2(a). See 15 U.S.C. § 1681s-2(c)(1) (stating: "Except as provided in section 1681s(c)(1)(B) of this title, sections 1681n and 1681o of this title do not apply to any violation of . . . (1) subsection (a) of this section, including any regulations issued thereunder . . . ."). Although Plaintiff claims there are court decision recognizing a private right of action, the Court's review does not support this. The Court cannot locate the case cited by Phillips, Sgambati v. Fairway Collections, by name and no citation was provided. See Doc. 19 at 2.

Plaintiff." Doc. 1-1 ¶18. The only fact allegation involving PDM alleges PDM incorrectly reported information to Phillips' credit profile. Doc. 1-1 ¶9.

Although PDM does not have any specific argument to support dismissal of Count III, Phillips argues Count III is appropriate because "the FDCPA applies to all debt collection activities, including erroneous reporting," citing Heintz v. Jenkins, 514 U.S. 291 (1995). Doc. 27 at 4. After sua sponte review, the Court finds the fact allegations are insufficient to support a FDCPA claim. There are no facts alleged to support that PDM engaged in "deceptive practices," no allegation that PDM is a debt collector, and it is not clear what PDM activity would violate the FDCPA as compared to PDM's activity as a furnisher of information under the FCRA. Accordingly, Count III is dismissed without prejudice.

### D. State Law Claims Preempted by FCRA (Counts IV through VIII)

FFI and PDM both argue the state law claims are preempted by the FCRA. Doc. 13 at 5-8; Doc. 22 at 14-15. In response to FFI's motion, Phillips argues generally that preemption does not apply unless state laws are in conflict with the FCRA and specifically argues preemption does not apply because her state law claims are based on "independent state statutes aimed at protecting consumers from the harms alleged in this case." Doc. 19 at 2. In

response to PDM's motion, Phillips generally argues that each of the state law claims is viable but does not address FCRA preemption. Doc. 27 at 5.

The FCRA preempts claims that relate to duties of furnishers of information arising under Section 1681s-2. See 15 U.S.C. § 1681(t)(b)(F). The Eleventh Circuit has not ruled on the preemption issue, but other circuit courts generally hold state claims are preempted if the state claim is based on a duty imposed by Section 1681s-2.[6] E.g., McKenna v. Dillon Transp. LLC, 97 F.4th 471, 474 (4th Cir. 2024); Scott v. First Southern Nat'l Bank, 936 F.3d 509, 519 (6th Cir. 2019); see Galper v. JP Morgan Chase Bank N.A., 802 F.3d 437, 441(2d Cir. 2015); Purcell v. Bank of Am., 659 F.3d 622, 626 (7th Cir. 2011). This Court finds state law claims arising from duties imposed by the FCRA on furnishers of information are preempted.

Accordingly, evaluating at the motion to dismiss stage whether state law claims are preempted requires assessing the fact allegations. The complaint has only three paragraphs with factual allegations related to FFI and PDM:

---

[6] Decisions from other circuit courts that do not apply preemption are factually distinguishable. Cf. Aargon Agency, Inc. v. O'Laughlin, 70 F.4th 1224, 1235–36 (9th Cir. 2023) (concluding state law did not impact duties FCRA imposed on furnishers of information and therefore state law was not preempted); Consumer Data Indus. Ass'n v. Frey, 26 F.4th 1, 14 (1st Cir. 2022) (noting FCRA preempts state claims that "impose requirements or prohibitions with respect to the specific subject matters regulated under Section 1681c," but remanding to determine if preemption applies with regard to proposed statutes).

> In August 2021, Defendant FFI wrongly reported a debt related to a business application for an apartment at Fusion Apartments under Plaintiff's personal credit profile without her consent or knowledge. This action was in violation of the terms of the application which did not include a personal guarantee.
>
> Despite disputes filed and a formal complaint to the Consumer Finance Protection Bureau (CFBR) wherein FFI admitted to the error, the erroneous debt entries were not permanently removed and continued to adversely affect Plaintiff's credit.
>
> Defendant PDM, under the direction or oversight of FFI, continued to insert, remove, and reinsert erroneous collections entries onto Plaintiff's credit profile, magnifying the damage to her credit score and history.

Doc.1-1 ¶¶7-9.

Because the fact allegations all relate to duties of FFI and PDM as furnishers of information, the state law claims are preempted. In describing the legal claims for negligence (Count V) and defamation (Count VI), the complaint is clear those counts are related to activity regulated by the FCRA. The negligence claim states it is "for failing to exercise reasonable care in managing and correcting credit report errors," and the defamation claim states it is for "for publishing false credit information that damages Plaintiff's reputation." Doc. 1-1 at 3. Because these two claims are based on FCRA regulated activity, amendment would be futile. Therefore, the counts for negligence and defamation are dismissed with prejudice.[7]

---

[7] Plaintiff's response regarding the negligence claim provides additional

7

The other state law claims (Counts IV, VII, and VII for intentional infliction of emotional distress, invasion of privacy, and violation of state consumer protection laws) are likely subject to preemption as well. Nonetheless, the Court will allow Phillips an opportunity to amend the complaint if she contends there are state law claims that arise from actions of FFI or PDM that are not related to their duties as furnishers of information under the FCRA. Phillips may also choose to not amend.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Fort Family Investments' Motion to Dismiss Complaint, Doc. 13, and Defendant Professional Debt Mediation, Inc.'s Motion to Dismiss Complaint, Doc. 22, are **GRANTED**. Counts I (violation of Section 1681s-2(a)), V (negligence), and VI (defamation), are **dismissed with prejudice**. Counts III (violation of FDCPA), IV (intentional infliction of emotional distress), VII (invasion of privacy), and VIII (state consumer protection laws) are **dismissed without prejudice**.

---

support for dismissal with prejudice because it states the claim represents Defendants' "failure to exercise reasonable care in managing credit report errors . . . ." Doc. 26 at 5.

2. If Phillips chooses to file an amended complaint, she must do so no later than **February 7, 2025**. Defendants shall respond no later than **February 28, 2025**.

3. If Plaintiff does not file an amended complaint by the deadline or seek an extension of time to file the amended complaint, the case will be dismissed without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of January, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

9